UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Derrick Dupont, | C/A: 9:14-3573-RMG-BM |
| Plaintiff, | |
| | **Report and Recommendation** |
| vs. | |
| County of Jasper; Jasper County Sheriff's Department; Jasper County Detention Center; Sheriff Gregory Jenkins; Deputy Ernest Walker; Sued Individually and in their Official Capacity, | |
| Defendants. | |

This is a civil action filed by the Plaintiff, Derrick Dupont, pro se, and is before the Court for pre-service review. See 28 U.S.C. § 1915(e)(2)(B); In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir.1997)[pleadings by non-prisoners should also be screened]. Under established local procedure in this judicial district, a careful review has been made of the pro se complaint herein pursuant to the procedural provisions of § 1915, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding



that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319. Further, while this Court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990). Such is the case here.

      Plaintiff alleges that on February 7, 2007, he was arrested on charges of assault and battery with intent to kill, assault and battery of a high and aggravated nature, and malicious injury to personal property, without any evidence to support the charges. Plaintiff claims that during his arrest, Defendant Ernest Walker put handcuffs on him too tight and would not loosen them; that he (while handcuffed in the back of a patrol car) kicked the door twice and yelled to Walker to come and take him to jail (Walker was talking with another person); and that Walker buckled the seatbelt around Plaintiff's waist, clawed Plaintiff's face, grabbed Plaintiff tightly at the back of his neck, pulled Plaintiff from the patrol car, and shoved Plaintiff back in the patrol car. Plaintiff claims that he felt a cracking sensation throughout his entire back which was accompanied by excruciating pain, and that as a result of the use of force he sustained a serious injury to his neck requiring a diskectomy. Plaintiff appears to allege constitutional claims pursuant to 42 U.S.C. § 1983, violations

2

of his rights under 42 U.S.C. § 1985 and 18 U.S.C. § 242, and state law claims. He requests monetary damages as well as injunctive relief.

Records from Jasper County indicate that Plaintiff was charged with assault of a high and aggravated nature, assault and battery with intent to kill, and malicious injury to personal property in February 2007, and that these charges were dismissed at a preliminary hearing in May 2007. See Jasper County Fourteenth Judicial Circuit Public Index, http://publicindex.sccourts.org/Jasper/PublicIndex/CaseDetails.aspx?County=27&CourtAgency=27001&Casenum=J365493&CaseType=C (last visited Jan. 27, 2015)[ABHAN]; http://publicindex.sccourts.org/Jasper/PublicIndex/CaseDetails.aspx?County=27&CourtAgency=27001&Casenum=J365494&CaseType=C (last visited Jan. 27, 2015)[ABWID]; http://publicindex.sccourts.org/Jasper/PublicIndex/CaseDetails.aspx?County=27&CourtAgency=27001&Casenum=J365495&CaseType=C (last visited Jan. 27, 2015) [Malicious Injury to Property].[1]

Plaintiff alleges that he previously filed another lawsuit in state court against the County of Jasper, the Jasper County Sheriff's Office, Sheriff Benjamin Riley, and Deputy Ernest Walker (2008-CP-27-0529), dealing with the same facts involved in this action, which was affirmed on appeal. Complaint, ECF No. 1 at 1.[2] Records from the Jasper County Court of Commons Pleas

---

[1] See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009)[This Court may take judicial notice of factual information located in postings on government websites.], aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records].

[2] Records from Jasper County indicate that the Defendants in 2008-CP-27-00529 were the
(continued...)



3

indicate that the action was disposed of in a jury trial, that Plaintiff appealed the verdict, and that a remittitur from the South Carolina Court of Appeals was issued on June 24, 2014. See Jasper County Fourteenth Judicial Circuit Public Index, http://publicindex.sccourts.org/Jasper/PublicIndex/CaseDetails.aspx?County=27&CourtAgency=27002&Casenum=2008CP2700529&CaseType=V (last visited Jan. 27, 2015). Records from Jasper County also indicate that Plaintiff filed yet another lawsuit in state court against the County of Jasper, the Jasper County Sheriff's Office, and Ernest Walker (2008-CP-27-00223), which was removed to this Court (Civil Action Number 9:08-1755-CWH) in April 2008.  Jasper County Fourteenth Judicial Circuit Public Index, http://publicindex.sccourts.org/Jasper/PublicIndex/CaseDetails.aspx?County=27&CourtAgency=27002&Casenum=2008CP2700223&CaseType=V (last visited Jan. 27, 2015). In August 2009, Plaintiff's claims in that case asserted under 42 U.S.C. § 1983 and § 1985 were dismissed with prejudice, with any other state law claims being dismissed without prejudice (consent dismissal).[3]

## Discussion

First, insofar as Plaintiff is attempting to litigate in this action the same claims he asserted against one or more of these Defendants in the lawsuits filed in state court or this court, the doctrines of res judicata and collateral estoppel prevent a party from re-litigating in a subsequent lawsuit an issue that was or should have been litigated and determined in a prior action. Briggs v.

---

[2](...continued)
County of Jasper, the Jasper County Sheriff's Office, and Ernest Walker. Riley was not listed as a Defendant.

[3] A federal court may take judicial notice of the contents of its own records. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).



4

Newberry County Sch. Dist., 838 F. Supp. 232, 235 (D.S.C.1992) [Res judicata precludes a party from litigating in a second action identical claims against the same parties or their privies on which a final determination on the merits was issued]; Stone v. Roadway Express, 627 S.E.2d 695, 698 (S.C. 2006) ["Collateral estoppel prevents a party from re-litigating in a subsequent suit an issue actually and necessarily litigated and determined in a prior action"] (quoting Jinks v. Richland County, 585 S.E.2d 281 (S.C. 2003)); cf. United States v. Mendoza, 464 U.S. 154, 159 n. 4 (1984) ["Defensive use of collateral estoppel occurs when a defendant seeks to prevent a plaintiff from relitigating an issue the plaintiff has previously litigated unsuccessfully in another action against ... a different party"]; Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 (1979). While res judicata is ordinarily an affirmative defense, a court may sua sponte apply the doctrine of res judicata where "it has previously decided the issue presented" to avoid unnecessary judicial waste. Georgia Pacific Consumer Products, LP v. Von Drehle Corp., 710 F.3d 527, 535 (4th Cir. 2013) (quoting Arizona v. California, 530 U.S. 392, 410–12 (2000)). Therefore, as Plaintiff is attempting to obtain a "second bite at the apple" by pursuing the identical federal claims that he has previously prosecuted in state court or that were dismissed with prejudice as part of his prior federal court action (which included Plaintiff's claims relating to his arrest by the Defendant Walker),[4] those claims are subject to dismissal.

Additionally, to the extent Plaintiff is attempting to appeal the results of his state court action, the current action should be dismissed. Federal district courts do not hear "appeals"

---

[4] Even where a dismissal is based on a settlement agreement, the principles of res judicata apply (in a somewhat modified form) to the matters specified in the settlement agreement, rather than the original complaint. Norfolk S. Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285, 1288 (11th Cir. 2004); see also Keith v. Aldridge, 900 F.2d 736, 740–41 (4th Cir. 1990).



5

from state court actions. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983)[a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257]; Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Thus, Plaintiff may not use a civil rights action to challenge the determinations or rulings of state courts. See Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir.1986) ["[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."]. Further, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986); see also Wise v. Bravo, 666 F.2d 1328, 1333 (10th Cir.1981); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587–588 & nn. 2–4 (4th Cir. 1969) [holding that federal district courts and United States Courts of Appeals have no appellate or supervisory authority overstate courts]. To rule in favor of Plaintiff on his constitutional claim(s) (even assuming they are not already barred under res judicata due to their dismissal in his previous federal case with prejudice) would, necessarily, require this Court to overrule and reverse orders and rulings made in the state court. Such a result is prohibited under the Rooker–Feldman doctrine. Davani v. Virginia Dep't. of Transp., 434 F.3d 712, 719-720 (4th Cir. 2006); see Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 293-294 (2005); Jordahl v. Democratic Party of Va., 122 F.3d 192, 201 (4th Cir. 1997).

Additionally, this action is also subject to dismissal because Plaintiff's claims are barred by the applicable statute of limitations. The Fourth Circuit has recognized that the statute of limitations may be addressed sua sponte when such a defense appears on the face of either a petition



6

for habeas corpus filed pursuant to 28 U.S.C. § 2254, see Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), or a complaint filed in forma pauperis pursuant to 28 U.S.C. § 1915, see Nasim v. Warden, Md. House of Corr., 64 F.3d at 953–54. In Nasim, the Court concluded that, in evaluating a complaint filed in forma pauperis pursuant to § 1915, a district court may consider a statute of limitations defense sua sponte when the face of the complaint plainly reveals the existence of such defense. Id.; see also Hunterson v. Disbabato, 244 F. App'x 455 (3d Cir. 2007) [a district court may sua sponte dismiss a claim as time-barred where it is apparent from the complaint that the applicable limitations period has run]; Castillo v. Grogan, 52 F. App'x 750, 751 (6th Cir. 2002)[district court may sua sponte dismiss complaint as time-barred when the defect is obvious]; Alston v. Tennessee Dep't of Corrs., 28 F. App'x 475 (6th Cir. 2002)["Because the statute of limitations defect was obvious from the face of the complaint, sua sponte dismissal of the complaint was appropriate.]; Fraley v. Ohio Gallia County, 1998 WL 789385 * 1 (6th Cir. Oct. 30, 1998)[affirming sua sponte dismissal of pro se § 1983 action filed after two year statute of limitations for bringing such an action had expired]; Pino v. Ryan 49 F.3d 51, 53–54 (2d Cir. 1995)[concluding that district court can raise statute of limitations defense sua sponte in evaluating complaint filed pursuant to § 1915]. Under South Carolina law, the statute of limitations for a personal injury claim is three years. See S.C.Code Ann. § 15–3–530(5). This same statute of limitations applies to Plaintiff's federal claims. See Wallace v. Kato, 549 U.S. 384, 387 (2007)[Statute of limitations for § 1983 action is the same as state statute of limitations for personal injury claim]; Kelly v White, No. 4:1–982-JFA-TER, 2011 WL 939015, at * 1-2 (D.S.C. Mar. 16, 2011) [State statute of limitations for personal injury claims applies to § 1983 actions]. Here, the alleged incidents occurred in February 2007, and the charges against Plaintiff were dismissed in May 2007. However, Plaintiff did not file this action until more

7

than seven years later. Therefore, Plaintiff's claims are barred by the applicable statute of limitations.

Finally, even though Plaintiff's case is subject to dismissal for the reasons already stated, it is worth noting that his claims also suffer from numerous additional infirmities. The Defendant Jasper County Detention Center is subject to summary dismissal because inanimate objects such as buildings, facilities, and grounds do not act under color of state law, and thus this entity is not a "person" subject to suit under § 1983. See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969)[California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983]; Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) [Finding that a detention center, as a building and not a person, was not amenable to suit under § 1983]; Preval v. Reno, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)["[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."]; Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)["Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."]. Plaintiff's allegations that Defendants violated his rights under 42 U.S.C. § 1985 are subject to dismissal because the Supreme Court has held that in order to maintain a claim under § 1985(3), a plaintiff must show that the alleged conspiracy was motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus;" Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); see also Trerice v. Summons, 755 F.2d 1081, 1084 (4th Cir. 1985); and Plaintiff has not alleged a racial basis for his claim of conspiracy.

Any claims Plaintiff is attempting to assert by citing to 18 U.S.C. § 242 are subject to dismissal because § 242 is a criminal statute which provides criminal penalties; it does not give

8

rise to civil liability or authorize a private right of action. See Rockfeller v. U.S. Ct. of Appeals Office, 248 F.Supp.2d 17, 23 (D.D.C. 2003) (collecting cases); United States v. Oguaju, 76 F. App'x 579, 581 (6th Cir. 2003)[finding that the District Court properly dismissed defendant's claim filed pursuant to 18 U.S.C. §§ 241 and 242 because he had no private right of action under either of those criminal statutes].

Finally, the Defendant Jasper County Sheriff's Department, and Defendants Sheriff Jenkins and Deputy Walker in their official capacities, are entitled to Eleventh Amendment immunity. Sheriff's Departments in South Carolina are state agencies, not municipal departments; see Edwards v. Lexington Cnty. Sheriff's Dep't, 688 S.E.2d 125, 127 n.1 (S.C. 2010) ["[U]nder South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."]; Allen v. Fid. and Deposit Co., 515 F. Supp. 1185, 1189–91 (D.S.C. 1981) [County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County], aff'd, 694 F.2d 716 (4th Cir. 1982) [Table]; Comer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996) [suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State."]; and the Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts, or its officials in their official capacities, by a citizen of South Carolina or a citizen of another state. See Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)(reaffirming Hans v. Louisiana, 134 U.S. 1, 10 (1890) [holding that a citizen could not sue a state in federal court without the state's consent]; Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984)[although express language of Eleventh Amendment only forbids suits by citizens of other States against a State,



9

Eleventh Amendment bars suits against a State filed by its own citizens]; Alabama v. Pugh, 438 U.S. 781, 782 (1978); Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989); Edelman v. Jordan, 415 U.S. 651, 663 (1974)[stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants"](quoting Ford Motor Co. v. Dep't. of Treasury, 323 U.S. 459, 464 (1945));[5] see also Harter v. Vernon, 101 F.3d 334, 338-39 (4th Cir. 1996); Bellamy v. Borders, 727 F. Supp. 247, 248-50 (D.S.C. 1989); Coffin v. South Carolina Dep't of Social Servs., 562 F. Supp. 579, 583-85 (D.S.C. 1983); Belcher v. South Carolina Bd. of Corrs., 460 F. Supp. 805, 808-09 (D.S.C. 1978).

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. See Quern v. Jordan, 440 U.S. 332, 343 (1979). Further, although a State may consent to a suit in a federal district court, Pennhurst, 465 U.S. at 99 & n.9, the State of South Carolina has not consented to such actions. Rather, the South Carolina Tort Claims Act expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e).

---

[5]A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, and neither a State nor its officials acting in their official capacities are "persons" under § 1983. Will v. Michigan Dep't. of State Police, 491 U.S. at 71 (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). As such, it is no different from a suit against the State itself. See, e.g., Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Monell v. New York City Dep't. of Social Servs., 436 U.S. 658, 690, n. 55 (1978).

10

## Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

January 26, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

12

