IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Derrick Dupont, ) | |
| ) | No. 9:14-cv-3573-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| County of Jasper, Jasper County Sheriff's ) | |
| Department, Jasper County Detention ) | |
| Center, Sheriff Gregory Jenkins, Deputy ) | |
| Ernest Walker, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 16), recommending that this action be summarily dismissed without prejudice and without issuance of service. Plaintiff has filed objections to the R & R. For the reasons stated below, the Court the adopts the R & R in part and dismisses this case without prejudice.

## I. Background

Plaintiff alleges that on February 7, 2007, he was arrested on charges of assault and battery with intent to kill, assault and battery of a high and aggravated nature, and malicious injury to personal property without any evidence to support the charges. (Dkt. No. 1). He makes a number of allegations about Deputy Walker's use of force during the arrest and alleges that as a result of Walker's use of force, he sustained a serious neck injury requiring a diskectomy.[1] (*Id.*).

---

[1] These allegations are laid out in more detail in the R & R. (Dkt. No. 16 at 2).

1

Plaintiff appears to alleges constitutional claims pursuant to 42 U.S.C. §§ 1983, 1985 and 18 U.S.C. § 242 and state law claims.

In 2008, Plaintiff brought an action in state court against the County of Jasper, the Jasper County Sheriff's Office, and Ernest Walker (Case No. 2008-CP-00223), which was removed to this Court in April of 2008 (Case No. 9:08-cv-1755-CWH). A review of the Complaint in that action reveals that it concerned the same facts as this action. *See Dupont v. County of Jasper, et. al.*, Case No. 9:08-cv-1755-CWH (D.S.C. 2008) ("*Dupont I*"), Dkt. No. 1. On August 15, 2008, Plaintiff, represented by counsel, entered into a Consent Order of Dismissal that dismissed his Section 1983 cause of action with prejudice and his state claims without prejudice. (Dkt. No. 20-1 at 3-4).

A week later, Plaintiff filed another lawsuit in state court, *Dupont v. County of Jasper, et. al*, Case No. 2008-CP-27-0529 ("*Dupont II*") bringing his state law claims concerning the February 7, 2007 arrest. (Dkt. No. 1 at 1-2). Records from the Jasper County Court of Common Pleas indicate that the action was disposed of in a jury trial in September of 2012, with a defense verdict. *See* Jasper County Fourteenth Judicial Circuit Public Index, *available at* http://publicindex.sccourts.org/Jasper/PublicIndex/CaseDetails.aspx?County=27&CourtAgency=27002&Casenum=2008CP2700529&CaseType=V (last visited March 11, 2015). Plaintiff appealed, the Court of Appeals affirmed and remittitur was issued on June 24, 2014. *See id.*; (Dkt. No. 1 at 2). Plaintiff then filed this suit on September 8, 2014. (Dkt. No. 1).

The Magistrate Judge recommended that this action be dismissed because it is barred by the doctrines of res judicata and collateral estoppel, Plaintiff's claims are barred by the statute of

2

limitations, and the Plaintiff's suit suffers from a number of other infirmities. (Dkt. No. 16). Plaintiff filed objections. (Dkt. No. 20).

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir.1983).

### B. Summary Dismissal

*Pro se* complaints are construed liberally to allow the development of meritorious claims. *See, e.g., Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) ("[A] complaint, especially a pro se complaint, should not be dismissed summarily unless it appears beyond doubt that the

3

plaintiff can prove no set of facts in support of his claim which would entitle him to relief ....") (internal quotations omitted). However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate."). Furthermore, the Court must dismiss an *in forma pauperis* action *sua sponte* if the claim is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).

### III. Discussion

**A. Plaintiff's Section 1983 Claim**

The Court agrees with the Magistrate Judge that the doctrine of res judicata bars Plaintiff's Section 1983 claim(s). This claim was dismissed with prejudice *Dupont I*. "It is well established that dismissals with prejudice—including those resulting from settlement agreements or consent decrees—are treated as final judgments on the merits for purposes of res judicata." *Jacobs v. Venali, Inc.*, 596 F. Supp. 2d 906, 914 (D. Md. 2009) (citing *Nash Cty. Bd. of Ed. v. Biltmore Co.*, 640 F.2d 484, 487 (4th Cir. 1981)); *see also Harrison v. Edison Bros. Apparel Stores*, 924 F.2d 530, 534 (4th Cir. 1991) ("A voluntary dismissal with prejudice under Fed. R. Civ. P. 41(a)(2) is a complete adjudication on the merits of the dismissed claim.").

4

Because the Complaint in this action is nearly a verbatim copy of the complaint in *Dupont I* against the same parties, res judicata applies.[2] *See Union Carbide Corp. v. Richards*, 721 F.3d 307, 315 (4th Cir. 2013) (listing the elements of res judicata as "(1) a previous final judgment on the merits, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits"). While res judicata is normally an affirmative defense, a court may apply the doctrine sua sponte where, as here, "it has previously decided the issue presented." *Georgia Pacific Consumer Prods., LP v. Von Drehle Corp.*, 710 F.3d 527, 535 (4th Cir. 2013); *see also Clodfelter v. Republic of Sudan*, 720 F.3d 199, 208 (4th Cir. 2013) (holding district court must exercise its discretion in determining whether "special circumstances" warrant the court raising res judicata sua sponte).

Plaintiff claims that he did not know about *Dupont I*, which was removed to federal court, and only knew about the second suit filed in state court, *Dupont II*.[3] (Dkt. No. 20). Plaintiff essentially claims that his attorney did not have authority to stipulate to dismissal of his Section 1983 claim, and, therefore, the judgment should be set aside. (*See id.*). However, a judgment that is entered with prejudice, "whether by stipulated dismissal, a consent judgment, or a confession of judgment, is not subject to collateral attack . . . Such a judgment has the force of res judicata until further order of that or a higher court modifying that consent judgment." *Langton v. Hogan*, 71 F.3d 930, 935 (1st Cir. 1995).

---

[2] In this suit, Plaintiff names two additional defendants: Sheriff Gregory Jenkins and the Jasper County Detention Center. However, he does not make any specific allegations against these defendants and does not allege a Section 1983 cause of action against them.

[3] The docket in *Dupont I* reveals that Plaintiff was represented by the same attorneys in *Dupont I* and *Dupont II*.

In other words, Plaintiff can file a motion for relief from judgment under Fed. R. Civ. P. 60 **in the *Dupont I* case.** *See, e.g., Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir.2000) (finding that relief under Rule 60(b)(1) is available where an attorney acts without his client's authority); *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir.1999) (same); *Buffalo Wings Factory, Inc. v. Mohd*, No. 1:07CV612 (JCC), 2008 WL 2557999, at *6 (E.D. Va. June 23, 2008) (same). He cannot, however, file a second suit attempting to attack that judgment. Therefore, this claim is dismissed.

### B. Section 1985 Claim

As the Magistrate Judge stated, a plaintiff cannot maintain a claim under Section 1985(3) unless the alleged conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Plaintiff has made no such allegations and, thus, fails to state a claim. Therefore, this claim must be summarily dismissed.[4] *See* 28 U.S.C. § 1915(e)(2)(B).

### C. Title 18 U.S.C. § 242

Plaintiff attempts to assert a claim under 18 U.S.C. § 242. However, this statute is a criminal statute and does not give rise to civil liability or authorize a private right of action. *E.g., Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (collecting cases). Thus, as the Magistrate Judge found, any such purported claim must be dismissed.[5]

---

[4] Plaintiff did not object to the Magistrate Judge's finding that his Section 1985 claim should be dismissed on this ground. (*See* Dkt. No. 20).

[5] Plaintiff did not object to this finding by the Magistrate Judge. (*See* Dkt. No. 20).

**D. State Law Claims**

Having dismissed each of Plaintiff's federal claims, the Court declines jurisdiction over his state claims under 28 U.S.C. § 1367(c)(3) and dismisses these claims without prejudice. While his state claims may very well be barred by res judicata, the Court declines to raise the issue sua sponte because it has declined jurisdiction. Therefore, the Court declines to adopt the Magistrate Judge's finding that Plaintiff's state law claims are barred by res judicata. Similarly, because the Court need not reach the issue, the Court declines to adopt the portion of the R & R concerning the statute of limitations.

## IV. Conclusion

The Court declines to adopt the R & R's finding that Plaintiff's state law claims are barred by res judicata and the portion of the R & R concerning the statute of limitations. The Court adopts all other portions of the R & R and **DISMISSES** this action without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

March 12, 2015
Charleston, South Carolina